# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 9319 | **DATE** | January 23, 2012 |
| **CASE TITLE** | Ronald D. Granger (B-24617) v. Nurse Craft, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's current *in forma pauperis* application [3] is denied without prejudice to him submitting a completed and updated application. Plaintiff's complaint is dismissed without prejudice to him submitting an amended complaint. To proceed with this case, Plaintiff must, within 30 days of the date of this order, (1) either prepay the $350 filing fee or submit a completed *in forma pauperis* application, and (2) submit an amended complaint that states a valid claim. Plaintiff's failure to comply with this order will result in summary dismissal of this case. The clerk is directed to send to Plaintiff an *in forma pauperis* application and an amended complaint form, along with a copy of this order.

■ [**For further details see text below.**]

Docketing to mail notices.

## STATEMENT

Plaintiff Ronald D. Granger, formerly Stateville Correctional Center inmate #B-24617 but now released on parole, has filed a 42 U.S.C. § 1983 complaint against nurses and dialysis technicians at the prison. Plaintiff states that he informed the Defendants that he had a video conference scheduled with the court in December 2011 at the same time as a dialysis treatment. When he arrived for dialysis after his court hearing, the nurse and technician there told him that he would not be receiving dialysis that day. Plaintiff was transferred to University of Illinois at Chicago medical facility the next day.

Plaintiff seeks to file his complaint *in forma pauperis* ("IFP"); however, his application is incomplete and Plaintiff has been released from incarceration since filing this suit. Under the Prison Litigation Reform Act ("PLRA"), a person who files a suit while he is incarcerated must either prepay the $350 filing fee or seek leave to proceed *in forma pauperis* to pay the fee in installments. If the inmate is unable to prepay the filing fee and he submits a completed IFP application, the Court will assess an initial partial payment, and allow deductions from his prison or jail trust fund account as additional partial payments until the entire filing fee is paid. If the person is released from incarceration, he must submit an updated application so that the Court can assess his ability to pay based upon his financial situation outside of prison. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997). The current IFP application contains neither a certificate from a prison officer nor a copy of his trust fund statement for the six-month period prior to his filing this suit, and the court is unable to assess an initial partial filing fee. Nor is the Court able to determine Plaintiff's ability to pay the filing fee based upon his current financial situation. Accordingly, the Court must deny the current application. To proceed with this case, Plaintiff must submit a completed IFP application that provides not only information about his prison trust fund account prior to his filing this suit but also his current financial, including employment, status.
**(CONTINUED)**

isk

| **STATEMENT (continued)** |
|---|

      Additionally, preliminary review of the complaint, *see* 28 U.S.C. § 1915A, reveals that his complaint cannot proceed as it currently drafted. The complaint indicates that Plaintiff did not receive a dialysis treatment on the day he had a conflict with a court hearing, that Plaintiff had difficulties with rearranging his dialysis, but that he was transferred to an outside medical center the following day. Although the need for dialysis treatments every few days may qualify as a serious medical need, missing a treatment one day but then receiving medical attention the following day does not appear to state a claim of deliberate indifference. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 898-99 (6th Cir. 2004), citing *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001) (29-hour delay with dialysis treatment did not establish a claim of deliberate indifference).

      Additionally, the events that Plaintiff describes occurred on December 9, 2011. Plaintiff filed a grievance about being denied dialysis treatment that day, and the grievance was received on December 16, 2011; however, there is no indication that the grievance was responded to, that Plaintiff sought further review, or that he completed available administrative review proceedings prior to bringing this suit later in December 2011. In fact, Plaintiff's complaint and the grievance documents attached thereto indicate that he has not exhausted administrative remedies. Even though Plaintiff has been released from prison, he was incarcerated and a "prisoner" at the time he filed this suit and thus was required to exhaust administrative remedies. *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004) (a plaintiff's status as a "prisoner" required to exhaust administrative remedies under the PLRA is determined at the time he filed suit); *see also Lang Vo Tran v. Illinois Dept. of Corrections*, No. 09-392-GPM, 2011 WL 816630, *4-5 (S.D.Ill. March 1, 2011) (Murphy, J.) (discussing the requirement to exhaust before bringing suit and the exhaustion of remedies when the plaintiff is no longer incarcerated at the facility where claim arose). Because Plaintiff's complaint indicates that he did not exhaust administrative remedies, his amended complaint, if filed, should include information demonstrating that administrative remedies were exhausted.

      Accordingly, to proceed with this case, Plaintiff must, within 30 days of the date of this order: (1) either prepay the $350 filing fee or submit a completed IFP application that shows the activity in his prison trust account during the six-month period before he filed suit and his current financial, including employment, status, and (2) submit an amended complaint that states a valid claim and demonstrate either that the claim was exhausted before he filed suit or that exhaustion was unavailable. The clerk is directed to send to Plaintiff an *in forma pauperis* application and an amended complaint form, along with a copy of this order. Plaintiff's failure to comply will result in the summary dismissal of this case.